IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02785-BNB

THOMAS JOHN BEYLIK,

Applicant,

v.

RON LEYBA, Warden, A.C.C., and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 27 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO AMEND APPLICATION

Applicant, Thomas John Beylik, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Beylik initiated this action by filing a document titled "Non-Statutory Writ of Privilege." The Court reviewed the document, determined that Applicant intended to file an action pursuant to 28 U.S.C. § 2254, and entered an order on December 22, 2008, instructing him to file his claims on a Court-approved form used in § 2254 actions. On January 22, 2009, Mr. Beylik submitted a § 2254 application form.

The Court must construe the Application liberally because Mr. Beylik is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Beylik will be ordered to amend the Application.

In the Application form, Mr. Beylik alleges that, on July 22, 2005, he pled to "Criminal Attempt Sexual Assault on a Child-less than 15-Position of Trust C.R.S. §§ 18-2-101, 18-3-405.3(1), (2)(a), a Class 4 Felony." He further asserts that the judge illegally amended the plea after he was removed from the courtroom. It appears that Mr. Beylik was sentenced to three years to life in Gilpin County District Court. He seeks immediate release and expungement of the conviction.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a)(1), a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts also requires Mr. Beylik to go beyond notice pleading. *See **Blackledge v. Allison***, 431 U.S. 63, 75 n.7 (1977). He must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See **Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Applicant raises three claims in the Application. In Claim One, he asserts that he "invokes the U.S. Constitution as a Sovereign Foreign Neutral to issue this NON-STATUTORY WRIT OF PRIVILEGE Under Necessity by Restricted Visitation." In Claim Two, he asserts that "Gilpin County has committed kidnapping [sic] of a Sovereign Political Party (Plaintiff herein)," and in Claim Three, he simply states, "Commercial Corporate FRAUD/Failure for Wilfull [sic] Disclosure." Mr. Beylik's assertions fail to set forth a violation of his constitutional rights with respect to his state criminal proceeding.

Mr. Beylik has failed to meet the requirements of both Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Application fails to provide a short and plain statement of his claims showing that he is entitled to relief. He, however, will be given an opportunity to do so. Mr. Beylik will be directed to file an Amended Application that complies with Rule 8 and Rule 4. The Amended Application that Mr. Beylik will be directed to file must stand on its own as a pleading that asserts, clearly and concisely, each claim he intends to assert in this action. Mr. Beylik also is instructed to assert specifically in the Amended Application how his federal rights were violated in his state criminal case.

Furthermore, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion

3

requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Beylik states on Page Four of the Application form that he has an appeal pending in state court that addresses his illegal sentence, which appears to be the basis for the claims that he is attempting to raise in this Court in the instant action. Therefore, Mr. Beylik will be ordered to state in the Amended Application whether or not he has exhausted his state court remedies for each claim that he raises.

Accordingly, it is

ORDERED that Mr. Beylik file **within thirty days from the date of this Order** an Amended Application that complies with this Order. It is

FURTHER ORDERED that Mr. Beylik's Amended Application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Beylik, together with a copy of this Order, two copies of the Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 Court-Approved form for use in filing the Amended Application. It is

FURTHER ORDERED that if Mr. Beylik fails within the time allowed to file an Amended Application as directed the action will be dismissed without further notice.

DATED January 26, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02785-BNB

Thomas John Beylik
Prisoner No. 127387
CMC/ACC - B
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 12/7/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk