IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02785-BNB

THOMAS JOHN BEYLIK,

     Applicant,

v.

RON LEYBA, Warden, A.C.C.,
ARISTEDES W. ZAVARAS, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

ORDER OF DISMISSAL

I. Background

Applicant Thomas John Beylik is a prisoner in the custody of the Colorado Department of Corrections at the Arrowhead Correctional Center in Cañon City, Colorado. Originally, Mr. Beylik filed a *pro se* pleading titled, "Non-Statutory Writ of Privilege." Magistrate Judge Boyd N. Boland construed the pleading as an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and directed Mr. Beylik to file his claims on a Court-approved form used in filing § 2254 action. Mr. Beylik filed a § 2254 Court-approved form but failed to asserts his claims in keeping with Fed. R. Civ. P. 8. Magistrate Judge Boland instructed Mr. Beylik to file an Amended Application, which he did on February 18, 2009. Subsequently, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

court remedies under 28 U.S.C. § 2254(b)(1)(A). On March 12, 2009, Respondents filed a Pre-Answer Response. Mr. Beylik did not file a Reply.

In the Amended Application, Mr. Beylik challenges the validity of his conviction in the Gilpin County District Court in Case No. 04CR31. Mr. Beylik asserts that he pled guilty to "Criminal Attempt Sexual Assault on a Child-less than 15-Position of Trust C.R.S. §§ 18-2-101, 18-3-405.3(1), (2)(a), a Class 4 Felony." He further asserts that the judge illegally amended his plea after he was removed from the courtroom. It appears that on July 22, 2005, Mr. Beylik was sentenced to three years to life of incarceration. Mr. Beylik further states that he did not file a direct appeal, but he did file a Colo. R. Crim. P. 35(a) and (c) postconviction motion that is pending in state court.

II. Analysis

The Court must construe liberally Mr. Beylik's Application because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that because Mr. Beylik did not file a notice of appeal his conviction and sentence became final on September 5, 2005, forty-five days after the time for seeking a direct review expired. Respondents argue that Mr. Beylik should have filed his habeas Application by September 5, 2006. They further contend that because Mr. Beylik did not file his postconviction motion until September 2007, which is well after September 5, 2006, the one-year statute of limitations expired, and the action is time-barred under 28 U.S.C. § 2244(d). Mr. Beylik does not disagree with Respondents' arguments. The Court, therefore, finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Beylik does not allege that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that there were any impediments to filing an application that were created by state action or that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Beylik bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Beylik fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. The only statement Mr. Beylik asserts in his Application regarding timeliness is that the action is within the one-year limitation period. Therefore, the Application will be denied as time-barred under 28 U.S.C. § 2244(d).

4

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Beylik has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 14 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02785-BNB

Thomas John Beylik
Reg No. 127387
Arrowhead Correctional Center
P.O. Box 300
Cañon City, CO 81215-0300

Patricia R. Van Horn
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/15/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk